# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:06CR239

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| KENNETH LAMONT DAVIS | ) | |

**THIS MATTER** is before the Court on Defendant's motion to dismiss the indictment based upon failure to state a crime and his motion to exclude evidence of prior state charge pursuant to Rule 403. A ruling on the motion to exclude evidence will be deferred until time of trial.

The indictment alleges that the Defendant, having been convicted of a felony by the State of North Carolina in 1993, knowingly possessed ammunition, a single 45-caliber shell casing, in violation of 18 U.S.C. § 922(g)(1). **Bill of Indictment, filed August 9, 2006; Defendant's Memorandum in Support of Motion for Funds to Obtain Transcript, filed November 22, 2006, at 1.** Section 922(g) states it is unlawful for a previously convicted felon to "possess in or affecting commerce, any

firearm or ammunition[.]" **18 U.S.C. § 922(g).** Defendant asserts "[t]he term ammunition is defined in 18 U.S.C. § 922 in the **plural** sense as . . . cartridge cases, primers, bullets, or propellant powder designed for use in any firearm." **Defendant's Motion to Dismiss the Indictment, filed December 28, 2006, at 1.**

Defendant's definition of "ammunition," is not contained in 18 U.S.C. § 922, but rather § 921, which states "[t]he term 'ammunition' means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm." **18 U.S.C. § 921(a)(17)(A).** Although the Fourth Circuit has not specifically ruled on whether the term "ammunition" as used in 18 U.S.C. §§ 921(a)(17)(A) and 922(g) encompasses both a singular and plural definition, the First Circuit has so specifically held. **See United States v. Cardoza, 129 F.3d 6, 9-10 (1st Cir. 1997).** "We think the common sense, everyday understanding of the word 'ammunition' encompasses a single bullet or cartridge. . . . If the word 'ammunition' was incapable of meaning one bullet, one would not refer to a 'single round of ammunition.'" *Id.* **at 10 (citing *O'Connell v. Shalala*, 79 F.3d 170, 176 (1st Cir. 1996) ("courts are bound to afford statutes a practical, commonsense reading")) (footnote omitted).** Additionally, in *Cardoza*

the First Circuit observed the Supreme Court of the United States, in a case interpreting 18 U.S.C. § 922(h), referred to ammunition as encompassing a single bullet. *Id.* **at 10 n.1 ("We note that even the Supreme Court has assumed, albeit in dicta, that the term 'ammunition' means a single bullet.") (citing *United States v. Batchelder*, 442 U.S. 114, 121 n.7 (1979) ("[B]ecause § 922(h) alone proscribes receipt of ammunition, a felon who obtained a single bullet could receive a 5-year sentence . . . .")).**

Accordingly, this Court agrees with the First Circuit's analysis and determination that the term "ammunition" as used in 18 U.S.C. §§ 921(a)(17)(A) and 922(g) encompasses both a singular and plural definition.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to dismiss the indictment for failure to state a crime is hereby **DENIED**.

**IT IS FURTHER ORDERED** that a ruling on Defendant's motion to exclude evidence is hereby deferred until time of trial.

Signed: January 3, 2007

Lacy H. Thornburg
United States District Judge